## KLINK AND WIFE v. COHEN et al.

ACTION to recover certain real estate as the homestead of plaintiffs. Complaint avers that plaintiff K. alone executed to C. his note, and a mortgage on the property in question to secure its payment. C. foreclosed, making K. and wife, and also several persons holding subsequent mortgages, parties. K. and wife made default, but the other defendants answered, asking for a sale of the property and a decree settling priorities, etc. The Court ordered a sale of the property, and that, in case of insufficiency of the proceeds to satisfy all the mortgages, they be paid in a certain order—C.'s mortgage being last. *Held*, that plaintiffs cannot recover without showing that these subsequent mortaages were invalid and insufficient to pass the title, because the complaint avers the sale to have been made under them as well as under the mortgage to C.

APPEAL from the Ninth District.

The Court below gave judgment for defendants, dismissing the case on general demurrer to the complaint. Plaintiffs appeal.

*J. A. Fletcher*, for Appellants.

*Heydenfeldt*, for Respondents.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

This is an action to recover certain real estate claimed as the homestead of the plaintiffs. The complaint alleges that the plaintiff, Klink, in September, 1854, executed to one Cook his promissory note for seven hundred dollars, and a mortgage on the property in question to secure its payment; but that the wife did not join in the execution of the mortgage. Cook brought suit to foreclose the mortgage, making Klink and wife, and several persons holding subsequent mortgages, parties. Klink and wife made default, but the other defendants answered, asking for a sale of the property, and a decree settling priorities, etc. The Court ordered a sale of the property, and further ordered that in case of the insufficiency of the proceeds of the sale to satisfy all the mortgages, the mortgagees should be paid in a certain order—the mortgage of Cook being the last in the order of payment. It is not alleged that the other mortgages were not properly executed, and valid liens upon the property. It being shown in the complaint that the sale was made under them, as well as under the mortgage to Cook, the plaintiffs could not recover without showing that they were also invalid and insufficient to pass the title. This view renders it unnecessary to notice the other points in the case.

Judgment affirmed.

On rehearing, the opinion of the Court was delivered at the July term by COPE, J.—FIELD, C. J. concurring.

A rehearing was granted in this case upon the petition of plaintiffs' counsel, insisting that we had misconceived the allegations of the complaint. There is so much superfluous matter, and the cause of action is stated with so little regard to precision or accuracy, it is difficult to arrive at any definite idea as to what was intended by the pleader. The demurrer was properly sustained, and the judgment must be affirmed.